IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | |
|---|---|
| STEPHON ORLANDO NEWMONES, | ) |
| | ) |
| Plaintiff | ) 1:21-CV-00276-RAL |
| | ) |
| vs. | ) |
| | ) RICHARD A. LANZILLO |
| MS. RANSOM, PSYCH, INDIVIDUAL | ) UNITED STATES MAGISTRATE JUDGE |
| AND OFFICIAL CAPACITY; C.O. | ) |
| SNIPPITT, SECURITY, INDIVIDUAL | ) MEMORANDUM OPINION ON |
| AND OFFICIAL CAPACITY; MR. | ) DEFENDANTS' MOTIONS TO DISMISS |
| GOTTUSMAN, PSYCH, INDIVIDUAL | ) |
| AND OFFICIAL CAPACITY; C.O. | ) IN RE ECF NOS. 28, 35 |
| TAYLOR, C.O. SANTOS, | ) |
| | ) |
| Defendants | ) |

I.  Introduction

Plaintiff Stephon Orlando Newmones ("Newmones"), an inmate in the custody of the Pennsylvania Department of Corrections ("DOC") at its State Correctional Institution at Albion, filed this action, pro se, against four DOC employees, Ms. Ransom, C.O. Snippert, C.O. Taylor, and C.O. Santos (collectively, "DOC Defendants") and a psychiatrist, Max Gottesman, M.D. ("Gottesman").[1] Newmones' operative pleading is his Third Amended Complaint ("Amended Complaint).[2] ECF No. 15. The DOC Defendants and Gottesman have each a filed motions to

---

[1] Newmones' pleadings refer to "C.O. Snippitt" and "Mr. Gottusman" as two of the Defendants. *See, e.g.*, ECF No. 15. The Defendants advise that the correct spellings of their last names are "Snippert" and "Gottesman or "Gottsman." *See, e.g.*, ECF No. 28, 35. The Court will use the Defendants' spelling.

[2] The Court deemed the complaint lodged with Newmones' in forma pauperis application to be deficient and ordered him to file an amended complaint which the Court would then consider in conjunction with this request for IFP status. *See* ECF No. 1-1 (complaint lodged with IFP application); ECF No. 5 (order). Newmones filed an Amended Complaint on November 17, 2021. ECF No. 7. He filed a second Amended Complaint, which was docketed on

1

dismiss the Amended Complaint. *See* ECF Nos. 28, 35. Newmones has filed a response in opposition to each motion. *See* ECF No. 42. Both motions are ripe for disposition. For the reasons explained below, Gottesman's motion will be **GRANTED** and the DOC Defendants' motion will be **GRANTED** in part and **DENIED** in part.[3]

II.  Factual Allegations and Claims of the Amended Complaint

Newmones' Amended Complaint (ECF No. 15) and supplement thereto (ECF No. 17) concern events that took place during three days in May of 2021. Regarding the DOC Defendants, Newmones alleges:

> On Friday, 5-14-21 I was moved from the DTU cell-1 to the RHU cell-3, pod-C because C.O. Taylor told Ms. Ransom to move me to the RHU because my family called Central Office on C.O. Taylor because he refused to feed me before when I was in the cell-8 on the DTU – A-pod, C.O. Taylor told Ms. Ransom to move me because of my political views. He called me a "snitch" because I file too many grievances, I was being denied meds while I was in the RHU so I started listening to voices that visit me sometimes, I started cleaning my cell with what I thought was laundry detergent later I realized it was my feces because Ms. Ransom, C.O. Snippitt, Santos, & other staff was telling me it was feces smeared on my walls and door of cell. I was denied food on 5-17-21, 5-18, 21, and breakfast and lunch on 5-19-21. I was denied cleaning supplies, recreation, showers and food from 5-17-21 until 5-19-21.

ECF No. 15, p. 2.

Regarding Gottesman, Newmones alleges that he "came to speak to me at PRC & I told him that they were not feeding me & I told Ms. Ransom, Mr. Gottesman, & Mr. Santos, I was going to die because correctional staff was starving me." *Id.*, p. 3. Newmones supplemented his

---

January 20, 2022, at ECF No. 9. Newmones filed a Third Amended Complaint as of right on March 15, 2022. *See* ECF No. 15.

[3] The Parties have consented to the jurisdiction of a United States Magistrate Judge in these proceedings pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* ECF Nos. 2, 24, and 26.

2

amended complaint by adding what the Court construes as a claim of retaliation by the "mental health department." ECF No. 17. He claims that he was "stripped of my original mental health status leaving me to be treated as an inmate with no mental health issues at all, due to my schizophrenic outbursts." *Id.* Newmones claims that, as a result, he has been threatened by other inmates "because I am choosing to fast the Islamic fast being a transgender female." *Id.*

The Amended Complaint is not divided into counts and does not identify any constitutional or statutory provisions that Newmones believes the Defendants violated.[4] Based on the facts alleged, the Court construes the Amended Complaint as asserting the following claims: (1) a First Amendment retaliation claim against Taylor and Ransom; (2) an Eighth Amendment claim relating to the conditions of confinement against Ransom, Snippert, and Santos; and (3) an Eighth Amendment deliberate indifference claim relating to psychiatric case against Gottesman. As relief, Newmones asks for "proper mental health help, punitive & compensatory damages & stop being retaliated against for filing complaints and grievances," as well as other relief that the Court deems proper. ECF No. 15, pp. 3, 6.

Defendants challenge the legal sufficiency of each of Newmones' claims.

III.   Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). In deciding a motion to dismiss, the court is not opining on whether the plaintiff is likely to prevail on the merits; rather,

---

[4] Newmones alleges only that "amendments & constitutional rights" have been violated. *See* ECF No. 15, p. 2.

the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A complaint should only be dismissed pursuant to Rule 12 (b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (rejecting the traditional Rule 12 (b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41 (1957)). In making this determination, the court must view the well-pled factual allegations in the complaint in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, a complaint must provide more than labels and conclusions. *Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. *See California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions disguised as factual allegations. *Twombly*, 550 U.S. at 555. *See also McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Expounding on the *Twombly/Iqbal* line of cases, the Court of Appeals for the Third Circuit has articulated the following three-step approach:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are

4

> not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. With these standards in mind, the Court now turns to a review of Newmones' Amended Complaint and a resolution of the pending motions to dismiss.

IV. Discussion and Analysis

    A. Newmones' claims against the Defendants in their official capacities are barred by the Eleventh Amendment and will be dismissed with prejudice.

The Amended Complaint asserts claims against each Defendant in both his or her individual and official capacities. Newmones' claims for monetary damages against each Defendant in his or her official capacity will be dismissed with prejudice because they are barred by the Eleventh Amendment. *See Coleman v. Stanford*, 2022 WL 2802403, at *2 (3d Cir. July 18, 2022). Indeed, as the Supreme Court has explained, "[a] suit against a state official in his or her official capacity ... is no different from a suit against the State itself." *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). Inasmuch as the Commonwealth of Pennsylvania has not waived its Eleventh Amendment immunity, any purported claims for monetary damages against the Defendants in their official capacity are barred. *See id.*

    B. Because the Amended Complaint fails to demonstrate the personal involvement of Defendants Snippert and Santos, the Eighth Amendment claims against them will be dismissed, without prejudice.

5

The Court next turns to the allegations the Court construes as an Eighth Amendment claim against Defendants Snippert and Santos relating to the conditions of his cell and deprivation of food. To establish individual liability under section 1983, "[a] defendant must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." *McIntosh v. Wetzel*, 2022 WL 3293490, at *10 (W.D. Pa. Aug. 11, 2022) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). This means that each defendant must have played an affirmative part in the alleged misconduct to be subject to liability. *Mable v. Wetzel*, 2022 WL 1620079, at *7 (W.D. Pa. May 23, 2022) (citing *Rizzo v. Goode*, 423 U.S. 362 (1976)).

Newmones has not alleged facts to support the personal involvement of Snippert or Santos in conduct that rises to a violation of his Eighth Amendment rights. A plaintiff must allege facts that "establish each individual [d]efendant's liability for the misconduct alleged." *Edwards v. New Jersey*, 2022 WL 3704634, at *3 (D.N.J. Aug. 26, 2022); *see also Ivy v. Johnson*, 2022 WL 3647264, at *6 (M.D. Pa. Aug. 24, 2022). Prison conditions constitute cruel and unusual punishment in violation of the Eighth Amendment if they result in serious deprivations of basic human needs, such as food, clothing, shelter, sanitation, medical care and personal safety. *See Tillman v. Lebanon County Correctional Facility*, 221 F.3d 410 (3d Cir. 2000); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Newmones does not allege facts to support that Snippert or Santos created or contributed to the unsanitary condition of his cell or that either denied him meals. Although he alleges that they came to know or were advised of the condition of his cell and denial of meals, he does not allege that either was able to rectify these conditions or responsible for doing so. That they came to be aware of the conditions for some unspecified period alone is insufficient to support

liability. Rather, the facts alleged must support an inference that the prison official acted with deliberate indifference to a known objectively serious risk to a prisoner's health or safety. *See Farmer*, 511 U.S. at 837; *Beers-Capitol v. Whetzel*, 256 F. 3d 120, 125 (3d Cir. 2001). This requirement means that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. A conclusory allegation that defendants were on notice of unconstitutional conditions is not enough to support an inference that they were deliberately indifferent to those conditions. *Obataiye v. Lanigan,* 2018 WL 3019887, at *9 (D.N.J. June 18, 2018); *Parker v. Cumberland Cnty. Dep't of Corr.*, 2010 WL 4746210, at *5 (D.N.J. Nov. 15, 2010). Yet, this is the sole allegation upon which Newmones bases his cell condition claim against Snippert and Santos. As presently alleged, the claim is insufficient and will be dismissed, without prejudice, against each of them.

Newmones' allegation that he told Santos that he was going to die because he was not being fed likewise fails to allege a constitutional deprivation. First, Newmones' characterization of the alleged deprivation in such dire terms does automatically convert it to an Eighth Amendment violation. *See Veteto v. Miller*, 829 F.Supp. 1486, 1496 (M.D.Pa.1992) (observing the denial of "meals, clean cloths, showers and recreation periods"… do not, by themselves, articulate a situation that could be fairly characterized as cruel and unusual punishment"). Factually, Newmones alleges that he was denied all meals on May 17, 2021, and May 18, 2021, and did not receive breakfast and lunch on May 19, 2021. Even assuming that the denial of meals for a two-and-a-half-day period rises to the level of an Eighth Amendment violation, Newmones does not allege that Santos was personally involved in the deprivation of any meal on any of these occasions. He also does not allege that he notified Santos of the denial of meals

7

before they occurred; thus, the Amended Complaint does not support an inference that Santos had knowledge of the alleged denial at a time when he could have addressed the alleged deprivation. Therefore, the Amended Complaint likewise fails to support an inference that Santos acted with deliberate indifference to any denial of meals. Accordingly, the claim against Santos based on this allegation will also be dismissed without prejudice.[5] *See Simmons v. Willson,* 2022 WL 3577376, at *3 (E.D. Pa. Aug. 19, 2022) (allegation that prison official failed to respond to a situation after they were told about it by the Plaintiff was insufficient to establish personal involvement).

> C. Newmones' factual allegations fail to state a First Amendment Retaliation claim against Taylor and Ransom.

The Court construes Newmones' Amended Complaint as asserting a First Amendment retaliation claim against DOC Defendants Taylor and Ransom. He alleges that Ransom moved him from the DTU to the RHU because Taylor did not like Newmones' political views and because Newmones' family reported Taylor to the "central office" after Taylor refused to feed Newmones. *See* ECF No. 15, p. 2. He also alleges that Taylor labeled him a "snitch" because Newmones filed "too many grievances." *Id.* As a result, Newmones claims he was denied food, cleaning supplies, recreation, and showers. *Id.* p. 6.

To state a retaliation claim, the plaintiff must allege facts to show that (1) he engaged in protected activity; (2) officials took an adverse action against the plaintiff; and (3) "a causal link" exists "between the exercise of his constitutional rights and the adverse action taken against him." *Rauser v. Horn,* 241 F.3d 330, 333 (3d Cir. 2001) (quoting *Allah v. Seiverling,* 229 F.3d 220, 225 (3d Cir. 2000) (alteration in original)); *Mitchell v. Horn,* 318 F.3d 523, 530 (3d Cir.

---

[5] Because Newmones may be able to plead additional facts to establish the personal involvement of Snippert and Santos, Newmones will be given an opportunity to further amend his pleading as to this claim.

2003). *See also Golden v. Perrin*, 2022 WL 2791186, at *4–5 (W.D. Pa. July 15, 2022). "[A]n otherwise legitimate and constitutional government act can become unconstitutional when an individual demonstrates that it was undertaken in retaliation for his exercise of First Amendment speech." *Anderson v. Davilla*, 125 F.3d 148, 161 (3d Cir. 1997).

When analyzing whether an inmate engaged in constitutionally protected activity, courts should be mindful that "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Jones v. North Carolina Prisoners' Lab. Union, Inc.*, 433 U.S. 119, 125 (1977) (quoting *Price v. Johnston*, 334 U.S. 266, 285 (1948)). Still, "prison inmates retain those constitutional rights that are not inconsistent with their status as prisoners or with the legitimate penological objectives of the corrections system." *White v. Napoleon*, 897 F.2d 103, 112 (3d Cir. 1990) (citing *Turner v. Safley*, 482 U.S. 78 (1987)); *Pell v. Procunier*, 477 U.S. 817, 822 (1974). Here, the DOC Defendants do not dispute that Newmones' allegation that he "filed too many grievances" is sufficient to support the "protected activity" element of his claim. *See* ECF No. 29, p. 7. Nor do they dispute that that expression of one's political views, as a matter of free speech, is also a constitutionally protected activity. *See, e.g., Miller v. North Belle Vernon Borough*, 2009 WL 112854, at *1 (W.D. Pa. Jan. 15, 2009).

The DOC Defendants contend, however, that Newmones has not alleged an "adverse action" in support of his retaliation claim. An "adverse action" is one that would "deter a person of ordinary firmness" from exercising his First Amendment rights. *Allah*, 229 F.3d at 225 (quoting *Suppan v. Dadonna*, 203 F.3d 228, 235 (3d Cir. 2000)). This is an objective inquiry. *See Bistrian v. Levi*, 696 F.3d 352, 376 (3d Cir. 2012). This requirement is not too demanding:

9

"unless the claimed retaliatory action is truly 'inconsequential,' the plaintiff's claim should go to the jury." *Id.* (citing *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002)).

Newmones' Amended Complaint appears to allege two adverse actions. First, he claims that he was moved from "DTU cell-1 to the RHU cell-3, pod-C ... because of my political views." ECF No. 15, p. 2. Second, he claims that he was deprived of meals for two days as well as "cleaning supplies, recreation and showers." *Id.* The deprivation of cleaning supplies, showers, and recreation are *de minimis* inconveniences and not adverse actions. *See, e.g., Thomas v. SCI-Dallas,* 2007 WL 2319805, at *5 (M.D. Pa. Aug. 13, 2007). But this Court has determined that "[m]oving an inmate to the RHU amounts to an adverse action." *Golden v. Perrin*, 2022 WL 2791186, at *6 (W.D. Pa. July 15, 2022) (citations omitted). And an allegation that a corrections officer denied food to a prisoner is also sufficient to support the "adverse action" of a retaliation claim. *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1116 (9th Cir. 2012). Thus, Newmones has sufficiently alleged an adverse action.[6]

But his retaliation claim nevertheless fails because the Amended Complaint does not allege facts to support the causation element of that claim. The causation element is established only if the protected activity was a substantial or motivating factor in the state actor's decision to take the adverse action. *See Mt. Healthy City Bd. of Educ. v. Doyle,* 429 U.S. 274, 287 (1977);

---

[6] A supplement to his Amended Complaint, Newmones alleges the following: "I am being retaliated against by the Mental Health Department by the Department of Corrections at SCI-Albion because I filed this lawsuite (sic), I was stripped of my original mental health status leaving me to be treated as an inmate with no mental health issues at all, due to my schizophrenic outbursts my life has been threatened by inmates, my life has also been threatened by inmates because I am choosing to fast the Islamic fast being a transgender female, all of this is retaliation .." ECF No. 17, p. 1. He further states that "I informed Major Thompson of these threats." *Id.* Although a change in status can support a retaliation claim, *see, e.g., Mack v. Clark*, 2022 WL 2669510, at *11 (W.D. Pa. July 11, 2022), these allegations fail to do so. First, Newmones does not plead which of the Defendants named in this lawsuit deprived him of his mental health status. Second, Major Thompson is not named as a defendant herein. Any retaliation claim against that individual should be brought in a separate action. Third, and important for a retaliation claim, he fails to state when his "mental health status" was removed. This omission deprives him of any direct or inferential support for the causation element of a retaliation claim. *See id.*

*Anderson*, 125 F.3d at 163. To support this last element, "a plaintiff must come forward with more than 'general attacks' upon the defendant's motivations...." *Miskovitch v. Hostoffer*, 721 F. Supp. 2d 389, 396 (W.D. Pa. 2010) (citing *Crawford–El v. Britton*, 523 U.S. 574, 600 (1998)). To show that a retaliatory motive caused the adverse action, the plaintiff may rely on direct evidence or an inference of retaliatory motive arising from either (1) an unusually suggestive temporal proximity between the protected activity and the alleged retaliatory action; or (2) a pattern of antagonism coupled with timing that suggests a causal link. *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007); *Rink v. Ne. Educ. Intermediate Unit 19*, 717 Fed. Appx. 126, 134 (3d Cir. 2017) ("the temporal proximity contemplated to allow for such an inference is on the order of days or weeks"). "These are not the exclusive ways to show causation, as the proffered evidence, looked at as a whole, may suffice to raise the inference." *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 280 (3d Cir. 2000) (quoting *Kachmar v. SunGard Data Sys., Inc.*, 109 F.3d 173, 177 (3d Cir. 1997)).

Here, Newmones has not alleged facts to support directly or circumstantially a plausible inference of retaliatory motive connecting his protected activity with his placement in the RHU. While he references "political views" and the filing of grievances, he has not identified any specific instance of political speech or a particular grievance or grievances that he asserts motivated his placement in the RHU. Nor has he alleged any dates, sequence, or temporal proximity regarding his alleged protected conduct and the Defendants' alleged adverse actions. *See, e.g., Mack v. Clark*, 2022 WL 2669510, at *11 (W.D. Pa. July 11, 2022). Without such factual allegations, the Court cannot reasonably infer causation. Accordingly, this claim will be dismissed, without prejudice. *See id.* (citing *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007)).

D. The Amended Complaint fails to state an Eighth Amendment conditions-of-confinement claim against Snippert, and Santos, but it is sufficient to state such a claim against Ransom.

The Court construes the Amended Complaint as raising an Eighth Amendment conditions of confinement claim against Ransom, Snippert, and Santos.[7] *See* ECF No. 15, p. 2. Newmones alleges that these Defendants denied him food for two and a half days, as well as cleaning supplies, recreation, and showers for two days while he was in the RHU. *Id.* He also claims that Ransom told him to clean the feces off his cell wall with "wet tissue" and that he would not be fed until he did so. *Id.*, pp. 2-3.

Conditions of confinement claims by convicted prisoners typically must satisfy both objective and subjective components. *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). The objective component of the analysis asks whether the deprivations were "sufficiently serious" and the subjective inquiry concerns whether "the officials act[ed] with a sufficiently culpable state of mind." *Id.* Thus, in order to successfully plead a conditions of confinement claim under the Eighth Amendment, Newmones must establish that "(1) he was incarcerated under conditions imposing a substantial risk of serious harm, (2) the defendant-official was deliberately indifferent to that substantial risk to his health and safety, and (3) the defendant-official's deliberate indifference cause him harm." *Wilkins v. Wolf*, 2021 WL 2376678, at *5 (M.D. Pa. June 10, 2021) (quoting *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2015)).

"[T]he constitution does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Conditions of imprisonment do not violate the Eighth Amendment unless

---

[7] While the Due Process Clause of the Fourteenth Amendment governs conditions of confinement claims by pretrial detainees, the Eighth Amendment governs such claims brought by convicted persons serving prison sentences. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005).

12

they "alone or in combination ... deprive inmates of the minimal civilized measures of life's necessities." *Id.*, at 347. Such necessities include adequate food, clothing, shelter, exercise, and medical care. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *see also Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 226 (3d Cir. 2015) (quoting *Wilson v. Seiter*, 501 U.S. 294, 304 (1991)). Here, Newmones' allegations fail to establish either prong of this constitutional analysis and will be dismissed, without prejudice.

The Amended Complaint alleges that, upon his assignment to the RHU, he was forced to endure these deprivations for two and a half days: from May 17, 2021, until May 19, 2021.[8] *See* ECF No. 15, p.2. First, to the extent that Newmones challenges the conditions he endured while in restrictive housing generally, that claim fails. Federal courts are "unanimous in holding that the conditions in restrictive housing in Pennsylvania prisons do not, in and of themselves, violate the Eighth Amendment. *Whitney v. Wetzel*, 2015 WL 4920071, at *7 (M.D. Pa. Aug. 12, 2015) (quoting *Griffin v. Vaughn*, 112 F.3d 703, 709 (3d Cir. 1997)). Second, a two-day deprivation of recreation privileges and showers is not sufficiently serious to implicate the Eighth Amendment. While in aggravated circumstances, a conditions of confinement claim may be based on a denial of recreation privileges, *see, e.g., Peterkin v. Jeffes*, 855 F.3d 1021, 1031 (3d Cir. 1988), mere showings that there were isolated instances of denied recreation for a minimal duration do not suffice. *See, e.g., Rosa-Diaz v. Harry*, 2017 WL 6806795, at *8 (M.D. Pa. Dec. 6, 2017) (holding that the denial of recreation privileges on twelve occasions over fourteen months did not rise to the level of an Eighth Amendment violation). Nor does the deprivation of a shower for two days, standing alone, implicate the Eighth Amendment. *See, e.g., Freeman v. Miller*, 615

---

[8] Because Newmones specifically alleges that he was denied "breakfast and lunch on 5-19-21" and omits any reference to dinner, the Court infers that Newmones was provided a dinner meal on May 19, 2021. *See* ECF No. 15, p. 2.

13

Fed. Appx. 72, 77 (3d Cir. 2015) (affirming district court's decision to grant summary judgment on conditions of confinement claim where inmate was deprived of showers for seven days). The same is true for the lack of cleaning supplies. *See, e.g., Cohee v. Coupe*, 2015 WL 3787632, at *3 (D. Del. June 16, 2015) (deprivation of cleaning supplies to an inmate for twenty-one days did not rise to an Eight Amendment violation and dismissing claim as frivolous).

Newmones' acknowledgment that he covered his cell walls with his own feces and then was not permitted to clean it up, however, states a claim for relief under the Eighth Amendment. The objective element of his claim requires that the alleged deprivation be "sufficiently serious," and of the type that denies "the minimal civilized measure of life's necessities." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Dehumanizing and unsanitary conditions may violate this contemporary standard of decency. *See Harper v. Beard*, 2009 WL 1606997, at *1 (M.D. Pa. June 8, 2009) (citing *Tillery v. Owens*, 907 F.3d 418, 426 (3d Cir. 1990)). Thus, at this stage of the litigation, Newmones' allegation is sufficient to satisfy the objective element.

The subjective element requires that a prison official possess a "sufficiently culpable state of mine." *Wilson*, 501 U.S. at 297. Specifically, the official must be "deliberately indifferent" to the health and safety of the inmate. *Id.*, at 302-03. Here, Newmones asserts that Ransom told him to clean up his cell but did not provide him with cleaning materials to do so, thus subjecting him to unhealthy conditions. *See, e.g., Harper*, 2009 WL 1606997, at *3 n.2. This allegation is sufficient to satisfy the subjective element. Accordingly, Newmones' claim against Ransom based on unconstitutional cell conditions may proceed.

The claim based on an alleged two-and-a-half-day deprivation of food, however, may not proceed as presently alleged. Certainly, a total deprivation of meals implicates Eighth Amendment concerns. *See, e.g., Wilson*, 501 U.S. at 304; *Calipo v. Wolf*, 2019 WL 6879570, at

14

*10 (W.D. Pa. Nov. 15, 2019). But the deprivation of meals must be sufficiently substantial to state a conditions of confinement claim under the Eighth Amendment. *See Jelen v. Lackawanna State Prison*, 2019 WL 4687406, at *7 (M.D. Pa. Sept. 26, 2019) (citing *Trujillo v. Williams*, 439 Fed. Appx. 2110, 1227 (10th Cir. 2006)). Thus, "the deprivation of a few meals for a limited time generally does not rise to the level of an Eighth Amendment violation." *Id.* (citing *Orum v. Rink*, 2018 WL 6695585, at *7 (M.D. Pa. Sept. 26, 2019)).

Here, Newmones' claimed two-and-a-half-day deprivation of meals fails to state an Eighth Amendment claim. The Court is unaware of any authority for the proposition that this relatively short period of time without meals rises to the level of a constitutional violation. *Accord McCoy v. Massey*, 2021 WL 2106321, at *3 (E.D. Cal. May 25, 2021). And regardless, Newmones has not pleaded, as he must, that he was injured by this two-day deprivation of food. *See, e.g., Crocket v. Miller*, 2014 WL 585887, at *4 (W.D. Pa. Feb. 14, 2014); *Adams v. Hunsberger*, 2007 WL 2814594, at *7 (W.D. Pa. Sept. 25, 2007). Thus, this claim will be dismissed, albeit without prejudice.

E.  Other potential claims against the DOC Defendants are also insufficient.

Reading the Amended Complaint generously, it includes language that could be construed as raising other claims. For example, Newmones alleges that "I was being denied my meds while I was in the RHU." ECF No. 15, p. 2. From this allegation, a deliberate indifference to medical need claim under the Eighth Amendment could be inferred. *See, e.g., Shrum v. Stempien*, 2021 WL 912520, at *2 (M.D. Pa. Mar. 9, 2021) (plaintiff's claim he was sent to the RHU without medication implicates the Eighth Amendment). So construed, the claim fails as pleaded due to its lack of specificity. Newmones does not, for example, identify which, if any, of the named Defendants deprived him of his medication. Nor does he plead what injuries he

15

suffered as a result. This claim, to the extent it is raised, will be dismissed without prejudice to future amendment.

Finally, although Newmones does refer to his participation in an "Islamic fast" and to his status as a "transgender female," (*see* ECF No. 17, p. 1) these allegations are unconnected to any action by any Defendant and are completely unmoored from any statutory or constitutional claim. Thus, they cannot be construed as raising any claim and will be disregarded.

F. The Amended Complaint fails to state any claim against Gottesman.

Gottesman has also moved to dismiss all claims of the Amended Complaint against him pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* ECF No. 36. Given the paucity of factual allegations against him, the Court will grant Gottesman's motion. Newmones' allegations against Gottesman are devoid of facts and wholly unconnected to any purported violation of Newmones' constitutional rights. For example, although the Amended Complaint alleges that Newmones' "mental health status" was "stripped" as a result of his filing grievances, the pleading does not ascribe that action to Gottesman. *See* ECF No. 17. Thus, to the extent this allegation could be construed as a First Amendment retaliation claim, it fails to support Gottesman's personal involvement or the element of causation. The Amended Complaint further alleges that "Pych Gottsman (sic) came to speak to me at PRC & I told him that they were not feeding me." ECF No. 15, p. 3. But Newmones does not allege that Gottesman participated in depriving him of food, mental health care, or any other necessity. Thus, if this allegation is construed as an attempt to state a conditions-of-confinement claim under the Eighth Amendment, it also fails. The Court has identified no other potential claims against Gottesman other than the two discussed. Gottesman's motion to dismiss will be granted.

V.   Conclusion

For the foregoing reasons, the DOC Defendants' motion to dismiss [ECF No. 28] will be granted as to all claims against them, except the conditions-of-confinement claim against Defendant Ransom. The motion is denied as to that claim. Defendant Gottesman's motion to dismiss [ECF No. 36] will be granted in full. A separate order will follow.

VI.  Further Amendment

This leaves the question whether Newmones should be permitted to file another amended complaint. When dismissing a pro se civil rights complaint in whole or in part, "a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008). The Court should not allow amendment if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim. *See In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002). This instruction is equally applicable to pro se litigants and those represented by counsel. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). A detailed Order accompanies this Memorandum Opinion and provides specific instructions on which claims are dismissed with or without prejudice. Within thirty days of the date of this Opinion and accompanying Order, Newmones may file a fourth amended complaint in an effort to cure the deficiencies of the claims that the Court has dismissed ***without prejudice***. If Newmones fails to file a fourth amended complaint, those claims will be dismissed with prejudice without further action by the Defendants.

Given the nature of the errors in his Amended Complaint, Newmones is reminded that any amended complaint must describe how each defendant violated his rights. He must show the personal involvement in the alleged wrongdoing by each specific Defendant. *See Rode v.*

*Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). His pleading should explain to the Court what happened by specifically describing how each Defendant's acts or omissions caused the alleged violations. He should include dates or timeframes, when known.

A fourth amended complaint "must be complete in all respects. It is a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Williams v. Ferdarko,* 2018 WL 3653272, at *1 n.1 (W.D. Pa. Aug. 1, 2018) (quoting *Young v. Keohane,* 809 F. Supp. 1185, 1189 (M.D. Pa. 1992)). In plain terms, this means that Newmones should not simply submit the new facts or claims that he wishes to add to this litigation and request that they be added by reference to his prior Amended Complaint. Rather, he must prepare and file a fourth amended complaint that alleges all facts upon which he bases his claims, including the claim against Defendant Ransom that survived the DOC Defendants' motion to dismiss, regardless of whether those factual allegations were included in prior versions of his complaint.

Newmones must also state any actual injury he has suffered and all forms of relief he is seeking in the lawsuit. Simply stating that the Defendants violated his civil rights is insufficient.

An order follows.

DATED this 29th day of September, 2022.

BY THE COURT:

_____
RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE