IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | |
|---|---|
| STEPHON ORLANDO NEWMONES,<br><br>Plaintiff,<br><br>vs.<br><br>MS. RANSOM, PSYCH, INDIVIDUAL AND OFFICIAL CAPACITY; C.O. SNIPPITT, SECURITY, INDIVIDUAL AND OFFICIAL CAPACITY; MR. GOTTUSMAN, PSYCH, INDIVIDUAL AND OFFICIAL CAPACITY; C.O. TAYLOR, C.O. SANTOS,<br><br>Defendants, | 1:21-CV-00276-RAL<br><br>RICHARD A. LANZILLO<br>UNITED STATES MAGISTRATE JUDGE<br><br>ORDER ON PENDING MOTIONS TO DISMISS<br><br>IN RE: ECF NO. 28, 35 |

NOW BEFORE THE COURT are Motions to Dismiss filed by Defendants Ransom, Santos, Snippert, and Taylor (ECF No. 28) and by Defendant Gottesman (ECF No. 35). As explained in the Memorandum Opinion filed this day, the Court orders as follows:

1. The Motion to Dismiss filed by Defendants Ransom, Santos, Snippert, and Taylor at ECF No. 28 is GRANTED in part and DENIED in part as follows:

    A. The claims against these Defendants in their official capacity are DISMISSED, with prejudice.

    B. The motion is granted with respect all Eighth Amendment claims against these Defendants and the Eighth Amendment claims against them are DISMISSED, without prejudice; but DENIED, as to the conditions-of-confinement claim against Defendant Ransom.

    C. The motion is granted as to the First Amendment retaliation claims against Defendants Taylor and Ransom, without prejudice.

2. The Motion to Dismiss filed by Defendant Gottesman is GRANTED and the claims against him are DISMISSED, without prejudice.

1

3. Should Newmones file a further Amended Complaint, he is reminded that he must describe how each Defendant violated his rights. He must show the personal involvement in the alleged wrongdoing by each specific Defendant.

4. Should Newmones wish to file another Amended Complaint, he must do so within thirty (30) days from the date of this order. If he fails to do so, the claims that have been dismissed without prejudice will be dismissed with prejudice without further notification to Newmones or the Defendants. This matter will then proceed on Newmones' remaining claim against Defendant Ransom.

Finally, the Court reminds Newmones that any further amended complaint "must be complete in all respects. It is a new pleading which stands by itself as an adequate complaint without reference to the complaint[s] already filed." Williams v. Fedarko, 2018 WL 2653272, at 1 n.1 (W.D. Pa. Aug. 1, 2018) (citation omitted). This means that Newmones should not simply submit the new facts or claims he wishes to add to this litigation and request that they be added by reference to his prior Amended Complaint. Rather, he must prepare and file an amended complaint that alleges all facts upon which he bases his claims, including the claim against Defendant Ransom that survived the DOC Defendants'' motion to dismiss, regardless of whether those factual allegations were included in prior versions of his complaint.

Newmones must also state any actual injury he has suffered and all forms of relief he is seeking in the lawsuit. Simply stating that the Defendants violated his civil rights is insufficient.

So ordered.[1]

DATED this 28th day of September, 2022.

BY THE COURT:

RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE

---

[1] The Parties have consented to the jurisdiction of a United States Magistrate Judge in these proceedings pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. See ECF Nos. 2, 24, 26.